This case was dismissed at a former day of the term because the record contained no notice of appeal. By sufficient evidence on file in this court it is now shown that said order should have appeared in the record, and the judgment of dismissal is set aside and the case now considered on its merits.
Appellant was convicted of an aggravated assault on one Maynard and his punishment fixed at a fine of $250.00 and thirty days in jail. Briefly, the facts show that Maynard had paid a security debt for appellant and that shortly before the alleged assault he had a conversation with appellant in an effort to induce him to repay the money paid out on said suretyship. Appellant told him that he did not have the money and Maynard said that he knew that Fenter had paid to appellant four hundred dollars shortly before. Appellant repeated that he did not have the money to pay and Maynard said that appellant was a damned liar, that he did not intent to pay it. Appellant made some remark about being at the place where they were and that if Maynard was somewhere else he *Page 494 
would not talk to him like that, whereupon Maynard said he would go anywhere. Appellant said that he would see Maynard later. According to the testimony, a few days later appellant, his brother and some others waited at a certain place until Maynard came up when an altercation and the alleged assault took place.
Appellant's first bill of exceptions complains of the refusal of his motion in arrest of judgment based on the proposition that his name is Burk Roberts and that he was charged as Burt Roberts, and that the record was devoid of proof that he was ever known as or called Burt Roberts. If appellant was not charged by his correct name he should have suggested that fact when the indictment was read to the jury, and he was called on to plead. Failing to then do so, he could not thereafter seek to take advantage of such misnomer, if any. Arts. 559-563, Vernon's C. C. P. and authorities collated.
The refusal of special charge No. 3 was not erroneous in view of the giving of a special charge covering the same subject matter, and the further fact that the evidence showed that an injury to Maynard caused by a falling ladder, was upon a different part of his body from that inflicted by appellant.
As part of the res gestæ of the transaction Maynard testified that when he met appellant and the others claimed by the State to be acting with him at the time of the alleged assault, that he told appellant he was "all stove up," that he could not use his right shoulder as a ladder had fallen on it. It was objected to, that there was no allegation in the indictment that Maynard was a decrepit person. We see no impropriety in permitting the State to introduce what was said and done by the parties at the time.
In the development of its case the State showed that appellant's brother was with him at the time of the alleged assault and himself made an assault on Maynard. This seems entirely permissible as part of the res gestæ of the transaction and the bill of exceptions complaining thereof is without merit. This same proposition applies to the bill of exceptions complaining that Maynard was permitted to testify to the fact that when assaulted he called for help and none of the bystanders aided him. The bystanders were of appellant's party, were with him and apparently waited with him some time for Maynard to come up, and when he appeared they were around him at the time appellant was alleged to have committed the assault.
That the alleged assault grew out of feeling on the part of appellant against Maynard because the latter had endeavored to collect from him money paid on a security debt, seems beyond question, and we do not think it was error for the court to permit Mr. Fenter to testify that a short time before the conversation had by Maynard with appellant he had paid to the latter four hundred dollars. *Page 495 
The evidence shows that Maynard's skull was fractured and that he suffered a low grade meningitis as a result of the injuries inflicted by the alleged assault. It was not error to refuse a special charge telling the jury that they could not convict appellant of an aggravated assault. An examination of the various exceptions reserved to the charge of the court and of the special charges presented and considered by us, shows that the exceptions to the charge were identical with the special charges asked, none of which it seems to us to be called for by the facts, save those which were given, and the giving of which obviated the necessity for others requested.
Appellant makes complaint in his brief of certain errors in the charge of the court which were not excepted to at the time and insists that for them the case should be reversed. We regret we can not consider the errors mentioned. The purpose of the law requiring exceptions to the charge before it is read to the jury was to enable the court to then correct his charge in any particulars wherein same might be erroneous, and if the matters complained of in the brief had been excepted to and at the proper time called to the court's attention, he doubtless would have corrected same.
We deem the facts in evidence sufficient to justify the conclusion reached by the jury, and the judgment will be affirmed.
Affirmed.
 ON MOTION FOR REHEARING.